[Civ. No. 1402.    First Appellate District.—November 19, 1914.]

## R. M. FOOTE, Respondent, v. THE SAN FRANCISCO PRODUCE COMPANY (a Corporation), Appellant.

CONTRACTS—SALE OF GRAPES—ACTION FOR BREACH OF CONTRACT—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—In this action for damages for an alleged breach of a written contract for the sale and purchase of a crop of grapes, where, after the acceptance of a portion of the grapes, the defendant refused to receive the balance under the contract, it is held that, as the evidence is conflicting as to the conversation had between the parties and the circumstances and terms of defendant's refusal to receive any more grapes after the first shipment, the findings of the trial court thereon in favor of the plaintiff will not be disturbed on appeal.

ID.—BREACH OF CONTRACT TO PURCHASE GRAPES—MEASURE OF DAMAGES—WHEN SECTIONS 3311 AND 3353, CIVIL CODE, NOT APPLICABLE. In such a case, where the evidence sufficiently shows that the vendor did not have time to put into effect the method prescribed by sec-

tions 3311 and 3353 of the Civil Code of fixing the amount of his damages after it was definitely known that the purchaser would not abide by his contract and accept the grapes, before the remainder of his unpicked crop had been ruined by rain and frost, and that, after they were so ruined, they had no market value which could by any diligence or effort on the part of the vendor be ascertained, as provided in said sections of the code, the purchaser was not entitled to rely upon the aforesaid sections to defeat the vendor's claim for damages.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

A. L. Frick, and Charles Quayle, for Appellant.

Law T. Freitas, and Thomas M. Diviny, for Respondent.

THE COURT.—This is an appeal from a judgment and order denying the defendant's motion for a new trial in an action for damages for the alleged breach of a written contract for the sale and purchase of a crop of grapes.

The record shows that the defendant, through its duly authorized agent, visited the plaintiff's vineyard, at Linden, San Joaquin County, on October 9, 1909, and there inspected the latter's ripened crop of grapes; and thereupon and after such inspection entered into a written contract for the purchase of the entire crop, by the terms of which the buyer was to furnish the boxes, and the seller was to pick and deliver the grapes f. o. b. at Peters, a near-by station, for transportation to the defendant at its place of business in Oakland. On October 15th and 16th two car-loads of grapes were shipped from Peters to Oakland, which arrived at their destination on or about the nineteenth day of October. Thereupon a telephone communication occurred between the defendant and plaintiff, in the course of which the former told the latter not to ship any more grapes at that time. A few days later further talks over the telephone were had, as to the details of which the evidence is conflicting. The plaintiff testified that on these occasions he was demanding more boxes in which to pick and ship the grapes, and the defendant was objecting to the quality of the first two car-loads already shipped and

received, and was also instructing plaintiff not to send any more grapes until notified by the defendant so to do. The finding of the court was in favor of plaintiff's statement of the substance of these conversations, and such finding, in view of the conflict, will not be disturbed by this court.

Upon being thus advised by the defendant not to send on the rest of his crop the plaintiff ceased picking his grapes for several days, at the end of which time he received a notification from the defendant to send on more grapes. In the mean time, however, the remainder of the unpicked crop had been ruined and rendered by rain and frost unmarketable and unfit for anything but feed for hogs. The plaintiff thereupon sold the grapes on the vines for hog food, realizing only a small part of their former value, and then sued the defendant in two counts to recover the purchase price of the two carloads of grapes which had been shipped and received by the defendant, and to also recover by way of damages the contract value of the rest of the grapes less the modicum received upon their sale as hog food. Upon the trial of the cause the defendant conceded that the first two carloads of grapes were sound and merchantable, and that as to them the plaintiff was entitled to recover; but as to the rest of the grapes and the plaintiff's claim of damages for their loss, the appellant makes two main contentions:

First, that the evidence does not sustain the findings of the court in favor of the plaintiff as to the circumstances and terms of the defendant's refusal to receive any more grapes after the first shipment and before the time when it was too late to pick and save the rest of the crop. As already stated, however, the evidence is in conflict on this point, and the findings therefore will not be disturbed.

The second contention of the appellant is that this being an executory contract between plaintiff and defendant for the sale of these grapes, the defendant's liability for its breach thereof is to be arrived at and fixed under the terms of sections 3311 and 3353 of the Civil Code. These are the code sections prescribing that it is the duty of the seller of personal property, upon breach by the buyer of the contract of sale to proceed to resell the property with reasonable diligence in the nearest open market and in the manner provided for sales of pledged property, and by so doing to fix the amount of detriment caused by the buyer's breach of the contract.

This the appellant contends the plaintiff did not do; but in this respect we think the evidence sufficiently shows that the plaintiff did not have time to put into effect this method of fixing the amount of his damages after it was definitely known that the defendant would not abide by its contract and accept the grapes, and before the remainder of his unpicked grapes had been ruined by rain and frost; and that, after they were so ruined, they had no market value which could by any diligence or effort on the part of the plaintiff be so ascertained. This being so, we think the appellant was not entitled to rely upon the aforesaid sections of the Civil Code to defeat the plaintiff's claim of damages.

We further find that there is no merit in the appellant's objection to the amount of interest allowed to plaintiff by the terms of the judgment.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on December 19, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1915.